CIVIL CASE INFORMATION STATEMENT (CIS)
COURT OF COMMON PLEAS

COUNTY:  <u>N</u>  K  S          CIVIL ACTION NUMBER: __05-163__

CIVIL CASE CODE: _____   CIVIL CASE TYPE: __Personal Injury__
                                  (SEE REVERSE SIDE FOR CODE AND TYPE)

JAMES MAHONEY and TINA MAHONEY, h/w,

            Plaintiffs,

v.

BENJAMIN BANNEKER ELEMENTARY SCHOOL and
MILFORD SCHOOL DISTRICT,

            Defendants.

ATTORNEY NAME(S):

  William L. Doerler (#3627)

ATTORNEY ID(S):

  White and Williams LLP

FIRM NAME:

ADDRESS:

824 N. Market Street, Suite 902,
P.O. Box 709, Wilmington, DE 19899-0709

TELEPHONE NUMBER: (302) 654-0424

FAX NUMBER: (302) 467-4548

E-MAIL ADDRESS:

doerlerw@whiteandwilliams.com

NAME AND STATUS OF PARTY FILING DOCUMENT:

Defendants, Benjamin Banneker Elementary School and Milford School District

DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)

Answer to Complaint

NON-ARBITRATION ___

(CERTIFICATE OF VALUE MAY BE REQUIRED)

Arbitration <u>X</u>   Mediation ___   Neutral Assessment ___
DEFENDANT (CIRCLE ONE)   **ACCEPT**   **REJECT**

JURY DEMAND __X__ YES _____ NO

TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)

**EXPEDITED     STANDARD     COMPLEX**

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS

_____
_____
_____
_____

EXPLAIN THE RELATIONSHIP(S): _____
_____
_____
_____
_____
_____

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: ___
_____
_____
_____

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES)

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MAHONEY and<br>TINA MAHONEY, h/w<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BENJAMIN BANNEKER ELEMENTARY<br>SCHOOL and MILFORD SCHOOL DISTRICT,<br><br>　　　　Defendants. | :<br>:<br>:　C.A. No. 05-163<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANTS ANSWER TO COMPLAINT, AND COUNTERCLAIM

### JURY TRIAL OF 12 DEMANDED

I.  PARTIES, JURISDICTION AND VENUE

1. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. Admitted.

4. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

5. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

6. Denied as stated. By way of further answer, it is admitted that the situs of plaintiff's alleged accident occurred within this judicial district and that the defendants are subject to personal jurisdiction in this district.

7. Denied as stated.

DOCS_DE 110091v1

## THE FACTS

8.  The responses to paragraphs 1 through 7, inclusive, are incorporated as if set forth fully herein.

9.  Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

10. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

12. Denied as stated.

13. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

14. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

15. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

16. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

-3-

17. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

18. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

## COUNT I – NEGLIGENCE
## TINA MAHONEY V. DEFENDANTS

19. The responses to paragraphs 1 through 18, inclusive, are incorporated as if set forth fully herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. (a-g) Denied.

27. Denied.

## COUNT II – CONSORTIUM
## JAMES MAHONEY V. DEFENDANTS

28. The responses to paragraphs 1 through 27, inclusive, are incorporated as if set forth fully herein.

29. Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

30.     Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. By way of further answer, negligence and proximate cause are denied.

## AFFIRMATIVE DEFENSES

31.     The complaint fails to state a claim upon which relief may be granted.

32.     The Court lacks subject matter jurisdiction.

33.     Plaintiffs' claims are barred by assumption of the risk.

34.     Plaintiffs' claims are barred by the statute of limitations.

35.     The damages alleged preexisted the incident alleged in the plaintiffs' complaint or are otherwise not related to the alleged incident.

36.     Plaintiffs' claims are barred by the doctrines of governmental and/or sovereign immunity.

37.     Plaintiffs' claims are barred by the State and/or Municipal Tort Claims Act.

38.     The Answering Defendants deny any liability whatsoever. If found liable, however, the Answering Defendants contend that the incident and any resulting injuries were proximately caused by the negligence of the plaintiffs in that they:

   a)     failed to maintain a proper lookout;

   b)     failed to exercise reasonable care for their own safety and the safety of employees working under their direction and control;

   c)     failed to act as a reasonably prudent person under the circumstances then existing;

   d)     failed to exercise reasonable care and control over the construction site and the methods and manner employed by the plaintiffs and the workers of Plymouth Environmental Co., Inc.;

-5-

e)  failed to properly supervise the workers of Plymouth Environmental Co., Inc.;

f)  failed to properly inspect the work site for hazardous conditions and warn the plaintiff of these conditions;

g)  were otherwise negligent as may be revealed during the discovery process.

To the extent that the negligence of the plaintiffs is greater than the negligence of the defendants, recovery is barred. Otherwise, any award in favor of the plaintiffs must be reduced the plaintiffs' pro rata share of liability.

39. The plaintiffs' injuries were caused by third persons over whom the Answering Defendants had no control.

## COUNTERCLAIM

40. James and/or Tina Mahoney were in charge of the employees of Plymouth Environmental Co, Inc. working on the Benjamin Banneker Elementary School on or about July 15, 2003.

41. On July 15, 2003, the plaintiffs and/or Plymouth Environmental Co, Inc. ("Plymouth") had exclusive control and possession of the Benjamin Banneker Elementary School and the remediation work being performed thereon by Plymouth.

42. With respect to the accident and injuries referred to by the plaintiffs in their complaint, the plaintiffs knew or should have known about the condition of the steps prior to the date of the accident.

43. Although Answering Defendants deny any liability whatsoever, if found liable, Answering Defendants contend that the accident and any resulting injuries were proximately caused by the negligence of the plaintiffs in that they:

a)  failed to properly inspect the premises for dangerous conditions;

-6-

    b)    failed to warn employees of Plymouth of dangerous conditions;

    c)    failed to make dangerous conditions safe for employees of Plymouth;

    d)    failed to properly supervise the employees of Plymouth;

    e)    failed to properly and adequately instruct agents, servants, workmen, employees and/or representatives of Plymouth as to safety hazards and conditions on construction sites;

    f)    were otherwise negligent as may be revealed during the discovery process.

44.    Although Answering Defendants deny any liability whatsoever, if found liable, Answering Defendants are entitled to contribution and/or indemnification from the plaintiffs for any amount Answering Defendants may be required to pay to plaintiffs in accordance with Title 10, Chapter 63, of the Delaware Code, and principles of contractual, equitable and/or implied indemnification.

    WHEREFORE Answering Defendants seek dismissal with prejudice, with costs assessed against the plaintiffs. Alternatively, Answering Defendants seek judgment on their counterclaim against plaintiffs, plus costs and interest, and any other equitable relief which the Court deems equitable and just.

WHITE AND WILLIAMS LLP

BY: _____
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4508
*Attorney for Defendants*

Date: May 5, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MAHONEY and<br>TINA MAHONEY, h/w<br><br>   Plaintiffs,<br><br>v.<br><br>BENJAMIN BANNEKER ELEMENTARY<br>SCHOOL and MILFORD SCHOOL DISTRICT,<br><br>   Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    C.A. No. 05-163<br><br>JURY TRIAL OF 12 DEMANDED |

### CERTIFICATE OF SERVICE

I, William L. Doerler, Esquire, do hereby certify that on this 5th day of May, 2005 two (2) copies of the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIM** were delivered via First Class Mail, postage prepaid upon

Marc H. Snyder, Esquire
Frank, Rosen, Snyder & Moss, LLP
1813 Marsh Road, Suite D
Wilmington, DE 19810

                            WHITE AND WILLIAMS LLP

BY: _/s/ William L. Doerler_____
       WILLIAM L. DOERLER (#3627)
       824 N. Market Street, Suite 902
       P.O. Box 709
       Wilmington, DE 19899-0709
       Phone: 302.467.4508
       *Attorney for Defendants*