# EXHIBIT A

DOCS_DE 110332v1



UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MAHONEY and TINA MAHONEY, h/w : | C.A. No.: 05-CV- 05-163 |
| Plaintiffs : | |
| v. : | JURY TRIAL DEMANDED |
| BENJAMIN BANNEKER ELEMENTARY : | COMPLAINT |
| SCHOOL and MILFORD SCHOOL DISTRICT : | |
| Defendants : | |

## CIVIL ACTION COMPLAINT

I.  PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, James Mahoney and Tina Mahoney, h/w, are adult individuals, and at all material times hereto, are citizens of the State of New Jersey, residing at 1125 Maple Avenue, Atco, NJ 08004.

2. Defendant, Benjamin Banneker Elementary School, (hereinafter known as "Banneker"), is a public elementary school organized and existing under and by virtue of the Statutes of the State of Delaware, with its principal offices and place of business located at 449 North Street, Milford, DE 19963.

3. Defendant, Milford School District, is a public school district organized and existing under and by virtue of the Statutes of the State of Delaware, with its principal offices and place of business located at 906 Lakeview Avenue, Milford, DE 19963.

4. All of the acts alleged to have been done or not done by the defendants were done or not done by the agents, servants, workmen, and/or employees of the said defendant engaged then and there in the course and scope of their agency and/or employment for or on behalf of the defendants, or alternatively, were done or not done by the said defendants individually.

5. This Court has jurisdiction over this action pursuant to 28. U.S.C.A. §1332 (a)(1) in that the matter in controversy is between parties of different states and the amount in controversy exceeds, exclusive of interest and cost, the amount of Seventy-five Thousand ($75,000.00) Dollars.

6. Venue is proper in this Court pursuant to 28 U.S.C.A.§1391 (a)(3) and (C) in that the situs of plaintiff's accident occurred within this judicial district and defendants are subject to personal jurisdiction in this judicial district.

7. At all times relevant hereto, defendants, owned, operated, leased, managed, controlled and/or had dominion over the situs of plaintiff's accident, located on the exterior steps of Banneker Elementary School, in Milford, DE. (The site of plaintiff's accident is herein after referred to as "the Exterior Steps" or "the Subject Steps").

## THE FACTS

8. Paragraphs 1 through 7, inclusive, are incorporated as if set out more fully at length.

9. On or about July 15, 2003, at or around 8:00 a.m., plaintiff Tina Mahoney was lawfully walking with due care, on the platform leading down to the bottom of Banneker's Exterior Steps. (A true and correct photograph depicting the location of the situs of plaintiff's accident, is attached hereto and marked as Exhibit "A").

10. On this date and time, plaintiff Tina Mahoney was engaged in the course and scope of her employment with Plymouth Environmental Co., Inc.

11. At all times material hereto, plaintiff Tina Mahoney was lawfully on defendants' property with defendants express and implied permission, as a business invitee, to collect samples relating to potential environmental hazards such as asbestos, lead and mold.

12. On this date and time, the Exterior Steps were in an unreasonably dangerous,

hazardous, and unsafe condition as more hereinafter set forth. Despite exercising due care at all relevant times hereto, plaintiff Tina Mahoney was suddenly and without warning caused to trip and fall down the Exterior Steps, when her foot got caught on a dangerously un-level and defective platform area leading to the bottom of Banneker's Exterior Steps (Exhibit "A"). (A true and correct copy of Plymouth Environmental Co., Inc.'s Incident Report is attached hereto and incorporated herein as Exhibit "B").

13. As a direct and proximate result of this incident, plaintiff Tina Mahoney was caused to suffer severe, painful and permanent bodily injuries to plaintiff's knees, which have necessitated plaintiff to undergo three (3) surgical procedures.

14. As a direct and proximate result of this incident, plaintiff Tina Mahoney was required to miss an extensive time from her employment. Upon plaintiff Tina Mahoney's return to employment, she was medically restricted to light duty for more than one year.

15. Plaintiffs have been obliged to pay for hospital, doctor and medical bills (in the nature of a workers' compensation subrogation lien) and allege it will be necessary to incur additional hospital, doctor and medical bills which may be reasonable and necessary, all to plaintiffs' great detriment and loss.

16. As a further result of this accident, plaintiff Tina Mahoney has been unable to attend to her daily chores, duties, and occupations, and it is probable that she will be unable to do so for an indefinite time in the future.

17. As a direct result of the accident, plaintiffs have and may continue to in the future incur other financial expenses or losses to which they may otherwise be entitled to recover.

18. As a further result of the accident, plaintiff Tina Mahoney has suffered physical pain,

aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

## COUNT I - NEGLIGENCE
## TINA MAHONEY v. DEFENDANTS

19. Plaintiff incorporates herein paragraphs 1 through 18 inclusive, as if fully set forth below at length.

20. Plaintiff believes and therefore avers that at all times pertinent herein, the situs of plaintiff's accident, hereinbefore referred to as the Exterior Steps, was under the control, direction, oversight, authority, supervision, surveillance, maintenance, safety and/or responsibility of the defendants.

21. The dangerous condition of the Exterior Steps, and more specifically the platform leading to the bottom Exterior Steps (Exhibit "A"), created a reasonably foreseeable risk of the kind of injury and accident that occurred and it is believed and therefore averred that defendants, had notice of the dangerous conditions and had adequate opportunity to take measures to protect against the dangerous conditions.

22. The dangerous conditions of the Exterior Steps, constituted a hazard of school property; of which defendants had notice, but which it failed to correct until after plaintiff suffered her severe injuries as stated herein.

23. At all times relevant hereto, the defendant herein owed a ministerial duty to maintain, repair, clean, inspect and otherwise be responsible for the subject Exterior Steps, to provide a safe and hazard free environment and otherwise be responsible for the aforesaid Exterior Steps so that same would be safe for use by students, school personnel, business invitees and school visitors,

-4-

including plaintiff, Tina Mahoney.

24. Defendants knew and/or should have known of the said unreasonably hazardous, dangerous and unsafe conditions and the likelihood that same would cause injuries to business invitees and school visitors lawfully in the Exterior Steps in the absence of adequate safety measures.

25. The aforesaid accident resulted solely from the negligence and carelessness of the defendants herein, and in no manner whatsoever to any act or failure to act on the part of plaintiff Tina Mahoney.

26. The foregoing accident and all of the damages and injuries set forth herein are the direct and proximate result of the negligence and/or carelessness of defendants, as follows:

    a. Failing to inspect, correct, maintain, and/or repair the aforesaid Exterior Steps so as to permit the existence of unreasonably hazardous, dangerous, and unsafe conditions, on the Exterior Steps, as of July 15, 2003;

    b. Allowing the Exterior Steps to remain in a defective and dangerous condition, which thereby causing a latent and hidden, and foreseeably dangerous condition to exist on the defendants' property;

    c. In failing to repair and keep in good condition the surface of the platform of the Exterior Steps;

    d. Failing to warn school visitors, business invitees and/or the general public of the foreseeably dangerous, hazardous and unsafe conditions in the Exterior Steps, as hereinbefore set forth;

    e. Failing to provide barricades in the area of the foreseeably hazardous, dangerous and unsafe conditions as hereinbefore set forth, so as to prohibit school visitors, business invitees and/or the general public from traversing on the situs of plaintiff's accident;

    f. Failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, cleaning, securing, correcting and/or repairing unreasonably dangerous and defective conditions on the Exterior Steps; and

  g. Violating statutes of the State of Delaware, including but not limited to, 14 Del. C. Sec. 1055, and/or ordinances of Kent County.

27. As a direct result of the careless, negligent and/or reckless conduct of the defendants, plaintiff Tina Mahoney has sustained serious and permanent personal injuries, suffered a permanent disability, and incurred medical and other financial expenses, as set forth in greater detail hereinabove.

WHEREFORE, plaintiff Tina Mahoney requests judgment against defendants Benjamin Banneker Elementary School and Milford School District, for damages in excess of the jurisdictional limit of Seventy Five Thousand ($75,000.00) Dollars, together with attorney's fees, and costs of suit, and such other and further relief as the court may deem proper.

## COUNT II-CONSORTIUM
## JAMES MAHONEY v. DEFENDANTS

28. Plaintiffs incorporate herein paragraphs 1 through 27 inclusive, as if fully set forth below at length.

29. Plaintiff, James Mahoney is the husband of plaintiff Tina Mahoney, and, as such, has incurred expenses for the treatment of his wife's injuries and may be caused to incur additional expenses as he had to do so in the past.

30. As a result of the aforementioned occurrence, Plaintiff James Mahoney to his great damage and loss, has been deprived of the society, comfort, services, assistance and consortium of his wife to which he is legally entitled, and will be deprived for an indefinite period of time in the future, all to his great financial detriment.

WHEREFORE, plaintiff James Mahoney requests judgment individually, jointly, severally and/or in the alternative against defendants, Benjamin Banneker Elementary School and Milford School District, for damages in excess of the jurisdictional limit of Seventy Five Thousand ($75,000.00) Dollars, together with attorney's fees, and costs of suit, and such other and further relief as the court may deem proper.

FRANK, ROSEN, SNYDER & MOSS, LLP

By: _____
MARC H. SNYDER, ESQUIRE
Supreme Court I.D. No.3791
Frank, Rosen, Snyder & Moss, L.L.P.
1813 Marsh Road, Suite D
Wilmington, DE 19810
(302) 475-8060
Attorney for Plaintiffs

Dated: 3-17-05