UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JAMES MAHONEY and TINA MAHONEY, h/w:
    Plaintiffs
    :
v.
    :    C.A. No.:    05-CV-163

BENJAMIN BANNEKER ELEMENTARY    :
SCHOOL and MILFORD SCHOOL DISTRICT:
    Defendants, Third-Party
    Plaintiffs

v.

PLYMOUTH ENVIRONMENTAL CO., INC.    :
    Third-Party Defendants

## JOINT STATUS REPORT OF PARTIES REGARDING
## F.R.C.P. 26(f) PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f) a telephonic meeting was held on November 1, 2005, and was attended by

    Marc H. Snyder, Esquire for the Plaintiffs
    William L. Doerler, Esquire for the Defendants, Third-Party Plaintiffs

**1.**     **Jurisdiction and Service.**
Jurisdiction is proper. Service was accomplished on all parties. The Third-Party Defendant, Plymouth Environmental Co., Inc., however, has not appeared and the Court entered an Entry of Default against Plymouth Environmental Co, Inc. on August 25, 2005.

**2.**     **Substance of the Action.**
Plaintiffs:
Plaintiff Tina Mahoney has alleged that she tripped and fell on a broken-up concrete platform, while walking down the exterior steps of the Benjamin Banneker Elementary School. Plaintiff's employer, Plymouth Environmental Co. (Plymouth) was engaged in asbestos removal within the school, as a precursor to the school being demolished. It is believed that the platform's condition was in this condition prior to the time that Plymouth commenced work.

Defendants:
This case is a personal injury action. Plaintiff Tina Mahoney contends that she injured her knee when she tripped on steps at the Benjamin Banneker Elementary School on July 15, 2003. At the time, Ms. Mahoney was working as an employee of Plymouth Environmental Co., Inc. Plaintiff James Mahoney was the on-site supervisor for Plymouth Environmental at the time of the fall.

Plymouth Environmental was retained by the Milford School District to remediate asbestos at the Benjamin Banneker Elementary School prior to its being demolished.

3. **Identification of Issues**
   Plaintiffs:
   It is plaintiffs' understanding that defendants are contesting both liability and proximate causation. Also at issue was the defendants' control of the conditions of the schools's exterior, including the exterior steps, at the time of plaintiff's accident. Finally, plaintiff's legal status at the time of her accident, is at issue.

   Defendants:
   Liability and proximate cause remain at issue. There are also contractual indemnification issues which need to be addressed. Defendants contend that Plymouth Environmental Co., Inc. was in charge of the site, including site safety, and is solely responsible for any and all damages claimed by Plaintiffs. *See e.g.* Spec. H-2010, § 01013, Part 1, § 1.3(f) (stating that the Contractor, Plymouth Environmental, shall be responsible for all damages incurred from project-related activities and/or personnel assigned to the project). Defendants also contend that Plymouth has agreed to indemnify and hold Defendants harmless for all liability, losses, damages, etc. associated with Plaintiffs' claims.

4. **Narrowing of Issues**
   Contractual indemnification issues should be appropriate for decision on motion. Similarly, the issue of whether Plymouth Environmental agreed to be solely responsible for any and all damages claimed by Plaintiff should be appropriate for decision on motion.

5. **Relief**
   Plaintiff suffered a right knee patella fracture, and medial meniscal tear of both knees. Plaintiff missed about 10 weeks of work. There is a workers' compensation lien of about $29,000. Plaintiff's both knees remain symptomatic.

6. **Amendment to Pleadings**
   The parties have agreed to amend the caption and body of the Complaint to reflect the Milford School District Board of Education as the proper party defendant.

7. **Joinder of Parties.**
   The parties do not anticipate joining additional parties.

8. **Discovery**
   Plaintiffs:
   Plaintiffs anticipate that factual discovery can be completed within nine months.

   Defendants:
   Defendants anticipates issuing routine discovery requests, including interrogatories, requests for production and, possibly, requests for admissions. In addition, Defendants anticipate taking depositions of Plaintiffs, one or two additional employees of Plymouth Environmental and, possible,

one or two representatives of Harvard Environmental. Expert discovery will also be needed. Defendants anticipate that factual discovery can be completed within nine months.

9. **Estimated Trial Length**
The parties estimate the length of the trial to be 3-4 days. Bifurcation is not desirable. The parties will explore possible ways to reduce the length of trial, such as by the use of stipulations, summaries or statements.

10. **Jury trial**
A jury trial of twelve has been demanded.

11. **Settlement**
No settlement discussions have taken place to date. The parties will explore settlement possibilities during the discovery phase of the trial. Settlement negotiations will likely be hampered, however, by the failure of Plymouth Environmental to participate in the litigation. It is too early to comment meaningfully on whether referral to the Magistrate for mediation or other ADR mechanism is appropriate. The Court should order the parties to provide an update on this issue to the Court in six months.

12. **Other matters**
None at this time.

13. **Statement of Counsel**
Counsel for the parties have conferred about each of the above matters.

Submitted this ___ th day of November, 2005

Marc H. Snyder, Esquire
Frank, Rosen, Snyder & Moss, LLP
1813 Marsh Road, Suite D
Wilmington, DE 19810
(302) 475-8060
Attorneys for Plaintiffs

William L. Doerler, Esquire
White and Williams, LLP
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4548