# EXHIBIT 7

**Westlaw.**

Slip Copy                                                                 Page 1
Slip Copy, 2006 WL 1214980 (Del.Supr.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.
Supreme Court of Delaware.
In re: ASBESTOS LITIGATION Limited to James Wooleyhan Robert Stymerski John Helm W. Drexel Biddle Ronald Irwin George Townsend John Betley.
Nos. 100,2005, 101,2005, 102,2005, 106,2005, 107,2005, 137,2005.

Submitted: Jan. 15, 2006.
Decided: April 12, 2006.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, C.A. Nos. 00C-08-028; 01C-06-151; 01C-11-239; 02C-03-194; 01C-10-240; 01C-10-173; and 02C-01-041.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, Justices, and NOBLE, Vice Chancellor,[FN1] constituting the Court en Banc.

> FN1. Sitting by designation pursuant to Art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 & 4.

ORDER
NOBLE, Vice Chancellor.
*1 THIS 12th day of April, 2006, on consideration of the briefs and arguments of the parties, it appears to the Court that:

These consolidated appeals from asbestos litigation in the Superior Court present two distinct sets of issues. The first set involves the potential liability of landowners for injuries resulting from exposure to asbestos of employees of an independent contractor working on the premises of the landowners as the result of work by employees of another independent contractor, also working on the same premises. The second set requires assessment of a landowner's potential liability for asbestos-related injuries suffered by employees of the independent contractor working with asbestos on the landowner's premises.

A.

1. In the first set of appeals, Appellees were employees of independent contractors who, while working on landowner-Appellants' ("Landowners") [FN2] industrial premises, were exposed to asbestos fibers introduced into the environment by the work of other contractors also hired by the Landowners. The employees include painters, telephone linemen, and electricians who were exposed to asbestos even though they did not work with asbestos.

> FN2. The Landowners who are the Appellants are: Delmarva Power & Light Company, E.I. duPont de Nemours and Company, FMC Corporation, ICI Americas, Inc., and Rhone-Poulenc, Inc.

2. The employees asserted claims against the Landowners in the Superior Court based on § 343 of the Restatement of Torts, which provides:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.[FN3]

> FN3. Restatement (Second) of Torts § 343 (1965).

3. The Landowners, invoking the general principle that landowners are not liable for injuries to the employees of one contractor caused by the conduct of another independent contractor working on their premises,[FN4] moved for summary judgment. The Superior Court, by its opinion dated February 15,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 2
Slip Copy, 2006 WL 1214980 (Del.Supr.)
**(Cite as: Slip Copy)**

2005, denied their motions, holding under § 343 of the Restatement that "a landowner's duty of care to a contractor's employees arises if the landowner knows or should know of a potential hazard, without regard to who controls the work being performed." [FN5] The trial judge specifically determined that there were "genuine issues of material fact pertaining to Defendants' knowledge of the dangers of asbestos exposure." [FN6]

> FN4. *See, e.g.,* Restatement (Second) of Torts § 409; *Fisher v. Townsends, Inc.,* 695 A.2d 53, 58 (Del.1997) ("The ... general rule is that an owner or contractee will not be held liable for the torts of an independent contractor which are committed in the performance of the contracted work. [This] general rule has been substantially eroded by numerous exceptions." (citations omitted)); *see also Murson v. The Henry Francis duPont Winterthur Museum, Inc.,* 782 A.2d 266 (Table), 2001 WL 898590 (Del. Aug. 3, 2001) (Order); *Seeney v. Dover Country Club Apartments, Inc.,* 318 A.2d 619 (Del.Super.1971); *Williams v. Cantera,* 274 A.2d 698, 700 (Del.Super.1971).

> FN5. Superior Court Opinion at 3.

> FN6. *Id.*

4. The Superior Court granted the Landowners leave to file interlocutory appeals, pursuant to Supreme Court Rule 42, of the order denying their motions for summary judgment. This Court accepted the interlocutory appeals.

5. We conclude that the Superior Court based its denial of summary judgment on an incorrect or incomplete legal standard. A landowner's duty to the employees of an independent contractor working on the landowner's premises does not arise merely because the landowner knows of a potential latent hazard on its land that might cause injury to the employees. To establish the liability of the Landowners in this case, the employees must show that (1) the Landowner knew, or reasonably should have known, of a concealed, previously existing hazardous condition on its premises; (2) the Landowner knew, or reasonably should have known, that the contractor and its employees did not know, and could not reasonably have been expected to know, of the hazardous condition; and (3) the Landowner nonetheless failed to warn the contractor or to take other appropriate action to prevent the injury.[FN7]

> FN7. *Cf. Kinsman v. Unocal Corp.,* 123 P.3d 931, 940 (Cal.2006).

*2 6. The Superior Court applied a standard that could potentially expose the Landowners to liability solely because they knew of the existence of a latent hazard on their premises. Section 343 requires proof of two elements in addition to a landowner's knowledge-ignorance of the latent hazard on the part of the contractor and its employees and the landowner's failure to warn of the latent condition and to take other appropriate action.

7. Section 343 is consistent with the principle that landowners are not *generally* liable to the employees of a contractor for the conduct of other contractors working on their premises.[FN8] Under § 343, a landowner may become liable to a contractor's employees, however, if those employees are injured by a latent, preexisting hazard on the landowner's premises without regard to whether that hazard was the result of the activities of another independent contractor on the premises.

> FN8. These appeals do not present questions involving the reasonableness of the Landowners' selection of the contractors that worked with asbestos.

8. The Landowners insist that, even under these circumstances, they may not be held liable for the acts of their contractors unless they are shown to have exercised sufficient control over those contractors' activities. That is not a correct statement of the law. Although a landowner that exercises control over the means and methods of its contractor's work may expose itself to liability for that reason, the absence of control does not necessarily defeat liability under § 343. Even where a latent, preexisting hazardous condition is created by one independent contractor performing work on the land, the landowner who knows about the latent condition may not avoid legal responsibility for injuries caused to employees of *other* contractors working on its premises, if the landowner knows that the other contractors and their employees are unaware of the risk created by the latent condition, and fails to give an appropriate warning of that risk or to take other appropriate action.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00163-GMS   Document 36-9   Filed 05/19/2006   Page 4 of 5

Slip Copy                                                                    Page 3
Slip Copy, 2006 WL 1214980 (Del.Supr.)
(Cite as: Slip Copy)

9. The Superior Court did not assess the facts disclosed by the record in terms of the appropriate § 343 standard. Nor did the Superior Court expressly determine whether the presence of uncontained asbestos materials to which the employees were exposed, even though caused by the activity of a different contractor on the Landowners' premises, constituted a latent, preexisting hazardous condition. Claims of this nature may present the perplexing question of when a latent hazardous condition on the land can fairly be characterized as "preexisting."

10. Whether or not the record is sufficient to allow a grant of summary judgment based upon application of the principles set forth above is a determination that can be made only after an intensive factual inquiry.[FN9] That function must be performed by the Superior Court in the first instance, especially because, in these consolidated proceedings, the parties have not undertaken to provide to this Court the factual context that is essential to make this assessment on review of the Superior Court's decision.

> FN9. The Superior Court concluded, and we do not question, that there are genuine issues of material fact with respect to the Landowners' knowledge and the employees' knowledge about the hazards of asbestos. In addition, this Order does not preclude any Landowner from pursuing summary judgment upon the grounds generally addressed in Part B hereof.

B.

*3 11. In the second appeal, Appellants-Employees James Wooleyhan and W. Drexel Biddle challenge the Superior Court's grant of summary judgment against them and in favor of Appellee Landowner Honeywell International Inc. ("Honeywell"). The Appellants-Employees suffered injuries resulting from exposure to asbestos as part of their own work on the premises of Honeywell's predecessor-in-interest.[FN10] The Superior Court invoked the general rule that the employer of an independent contractor is not liable for injuries suffered by the "contractor or his employees who have contracted to perform the work which causes the injury."[FN11] The Superior Court also concluded that no exception to the general rule was applicable.

> FN10. Superior Court Opinion at 4-5.

> FN11. Id. at 5.

12. The Appellants-Employees assert that the Superior Court conflated the policies of § 343 of the Restatement, implemented to protect business invitees such as them, with Chapter 15 of the Restatement, which addresses special considerations that arise out of the landowner-independent contractor relationship. The Superior Court's grant of summary judgment in favor of Honeywell necessarily reflected its understanding that liability may not be imposed upon a landowner under § 343 of the Restatement for conditions caused by (or resulting from) the independent contractor's (or its employee's) own conduct.

13. If the independent contractor, through its work, causes the condition that might otherwise give rise to landowner liability under § 343 of the Restatement, employees of that independent contractor have no basis to claim that the landowner is liable for injuries resulting from that condition. In short, to extend landowner liability under § 343 for conditions caused by the independent contractor whose employees seek recovery for their injuries from the landowner, finds no support in the law of Delaware or the policies underlying § 343. Accordingly, the employees of an independent contractor may not invoke § 343 of the Restatement to establish landowner liability for injuries caused by conditions created by their independent contractor-employer.

14. The Appellants-Employees also contend that Honeywell should be held liable for their injuries because Honeywell (1) exercised control over the means and methods by which their work was performed [FN12] and (2) had undertaken responsibility for implementing necessary safety measures but negligently failed to do so.[FN13] We agree with the Superior Court's rejection of these contentions for the reasons set forth in its Opinion.

> FN12. See Murson, 2001 WL 898590, at *1; Restatement (Second) of Torts § 414 (1965); see In re Asbestos Litig., 2002 WL 31007993 (Del.Super.Sept. 3, 2002), aff'd sub nom. Roca v. E.I. du Pont de Nemours & Co., 842 A.2d 1238 (Del.2004).

> FN13. See, e.g., Restatement (Second) of Torts § 324A (1965); Hawthorne v. EDIS Co., 2003 WL 23009254, at *4 (Del.Super. July 14, 2003).

15. Accordingly, we conclude that, in light of the undisputed material facts, Honeywell is entitled to summary judgment with respect to those claims based on the exposure of the Appellants-Employees as a result of their own work or their employers' work with asbestos.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The orders of the Superior Court denying summary judgment to the Appellant-Landowners be, and the same hereby are, VACATED and that the matters be REMANDED for further proceedings consistent herewith; [FN14] and

> FN14. This paragraph resolves those appeals docketed as Nos. 100, 101, 102, 106, and 107, 2005.

*4 2. The judgment of the Superior Court in favor of Honeywell be, and the same hereby is, AFFIRMED.[FN15]

> FN15. This paragraph resolves that appeal docketed as No. 137, 2005.

Del.Supr.,2006.
In re Asbestos Litigation
Slip Copy, 2006 WL 1214980 (Del.Supr.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3074854 (Appellate Brief) Reply Brief of Appellants James Wooleyhan and W. Drexel Biddle (Oct. 4, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 3074855 (Appellate Brief) Appellant Delmarva Power & Light Company's Reply Brief in Support of its Interlocutory Appeal (Oct. 4, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 3074856 (Appellate Brief) Reply Brief of Appellant E. I. du Pont de Nemours and Company (Limited to Helm and Stymerski) (Oct. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3074857 (Appellate Brief) Reply Brief of Appellant ICI Americas Inc. (Limited to Wooleyhan) (Oct. 4, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 3074858 (Appellate Brief) Reply Brief of Appellant Rhone-Poulenc Inc., as Successor-in-Interest to Stauffer Chemical Co. (Limited to Wooleyhan) (Oct. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2886252 (Appellate Brief) The Delaware State Chamber of Commerce's Amicus Curiae Brief (Sep. 19, 2005) Original Image of this Document (PDF)
• 2005 WL 2886253 (Appellate Brief) Joint Answering Brief of Appellees James Wooleyhan, Robert Stymerski, John Helm, W. Drexel Biddle, Ronald Irwin, George Townsend and John Betley (Sep. 19, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2312595 (Appellate Brief) Opening brief of Appellant E. I. DU Pont De Nemours and Company (Limited to Helm and Stymerski) (Aug. 5, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2312606 (Appellate Brief) Appellant FMC Corporation's Opening Brief in Support of ITS Interlocutory Appeal (Aug. 5, 2005) Original Image of this Document (PDF)
• 2005 WL 2464190 (Appellate Brief) Appellant Delmarva Power & Light Company's Opening Brief in Support of Its Interlocutory Appeal (Aug. 5, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2312602 (Appellate Brief) Opening Brief of Appellants James Wooleyhan and W. Drexel Biddle (Aug. 4, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2312604 (Appellate Brief) Opening Brief of Appellant Rhone-Poulenc Inc., As Successor-In-Interest To Stauffer Chemical Co. (Limited To Wooleyhan) (Aug. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2397171 (Appellate Brief) Opening Brief of Appellant ICI Americas Inc. (Limited to Wooleyhan) (Aug. 4, 2005) Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.