# EXHIBIT 9

Westlaw.

544 A.2d 265    Page 1
544 A.2d 265, 1988 WL 71446 (Del.Supr.)
(Cite as: 544 A.2d 265)

C
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Vincent P. KNOLL and Sandella Knoll, individually and as parents and guardians ad litem for Christine M.E. Knoll, a minor, Plaintiffs Below, Appellants,
v.
Harold WRIGHT, Red Clay Consolidated School District, William Cohee, Principal of John Dickinson High School, and Joseph E. Johnson, Superintendent, Defendants Below, Appellees.
No. 15, 1988.

Submitted: June 7, 1988.
Decided: June 29, 1988.

Superior Court, New Castle County.

AFFIRMED.

Before CHRISTIE, Chief Justice, and WALSH and HOLLAND, Justices.

ORDER

WALSH, Justice.
*1 This 29th day of June, 1988, upon consideration of the briefs of the parties and oral argument it appears to the Court that:

(1) The plaintiffs-appellants, a former student at John Dickinson High School and her parents, appeal from a decision of the Superior Court granting summary judgment in favor of the defendants, the Red Clay Consolidated School District, the district superintendent, and the Dickinson High School principal, on a claim for damages arising out of the rape of the student on the property of the high school. The Superior Court ruled that the defendants were immune from suit under 10 Del.C. § 4001 (the State Tort Claims Act) for their discretionary acts and, as a matter of law, their actions did not rise to the level of gross negligence or wanton conduct as required to forfeit the protection of the Act. Plaintiffs contend that the defendants' duty to maintain security for students on school property was ministerial not discretionary and that, in any event, a fact question was raised concerning gross negligence or wanton conduct precluding the grant of summary judgment.

(2) It is undisputed that the student-plaintiff was accosted at knife point while on her way to school on a pathway located on school property, adjoining a neighboring housing development where she lived. At the time of the assault the plaintiff was "running a little bit late" as school had commenced ten minutes earlier. The Red Clay Consolidated School District Superintendent delegated responsibility to school principals to provide security at their respective locations. The Dickinson school principal had devised a security plan involving teachers and other school employees to regulate conduct by students and others, within school buildings and outside areas. This plan was based on the principal's assessment of the school's security needs and the personnel available for such purpose. The only previous incident of stranger-to-student contact occurred approximately five months earlier, during the preceding school year and in the same area, when a male wearing a mask gestured toward a female student. The student did not report the incident but school officials later learned of it and notified the police. An investigation by police following the assault on plaintiff failed to establish any link between the two incidents.

(3) Since the factual basis for plaintiffs' claim is essentially undisputed, the Superior Court was required to determine whether, as a matter of law, the defendants' conduct involved the exercise of discretionary duties. If so, immunity attaches even if negligence exists and summary judgment is appropriate. The Superior Court correctly determined that providing security in a school setting involves the implementation of a policy or goal through a choice of methods. Since there is no separate security force available for public schools, this function falls within the general responsibility of the school administrator through use of teachers and other school staff. It cannot be said that the school administration was under a duty to provide a guard or other security person at a given time and place, or continually, to prevent foreseeable harm. Since the decision concerning where and when security patrols would be in effect was a discretionary function, defendants were entitled to summary judgment with respect to the negligence claim.

(4) The immunity conferred by the State Tort Claims

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

544 A.2d 265                                                                                                                Page 2
544 A.2d 265, 1988 WL 71446 (Del.Supr.)
**(Cite as: 544 A.2d 265)**

Act does not extend to conduct accompanied by "gross or wanton negligence." 10 *Del.C.* § 4001(3). Although the concepts of gross negligence and wanton conduct are not identical, each requires a showing of more than mere inattention or carelessness. *Jardel Co. Inc. v. Hughes,* Del.Supr., 523 A.2d 518, 530 (1987). Moreover, since the alleged acts of gross negligence and/or recklessness involves errors of judgment, the burden on the plaintiff is a substantial one. *Id.* at 531. There was one previous incident of confrontation between a student and a stranger in the same area of the school property. However, this incident was not sufficient to establish knowledge on the part of the school authorities that a security risk was posed which required measures beyond those in effect. Accordingly, the Superior Court correctly ruled that there was no factual basis upon which to posit a claim of wanton conduct or gross negligence.

*2 NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court granting summary judgment in favor of the defendants-appellees be and the same hereby is

AFFIRMED.

Del.,1988.
Knoll v. Wright
544 A.2d 265, 1988 WL 71446 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.