**EXHIBIT 13**

Westlaw.

Not Reported in A.2d                                                                                          Page 1
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
(Cite as: Not Reported in A.2d)

**H**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
Susan G. HEANEY, Susan M. Heaney and Jennifer A. Heaney, Plaintiffs,
v.
NEW CASTLE COUNTY, a statutorily constructed sub-division of the State of Delaware, and the City of Wilmington, a municipal corporation of the State of Delaware, Defendants.
Civ. A. No. 91C-08-42.

Submitted: May 14, 1993.
Decided: July 8, 1993.

Upon Motion of Defendant New Castle County to Dismiss Plaintiff's First Amended Complaint- GRANTED in part, DENIED in part Upon Motion of Defendant City of Wilmington for Summary Judgment-GRANTED in part, DENIED in part.

Jeffrey S. Marlin, and Christopher J. Battaglia, of Biggs and Battaglia, for plaintiffs.
Francis J. Jones, Jr., and Eileen K. Anderson, of Morris, James, Hitchens & Williams, for defendant New Castle County.
Carol J. Dulin, Asst. City Sol., of City of Wilmington Law Dept., for defendant City of Wilmington.

MEMORANDUM OPINION
HERLIHY, Judge.
*1 On July 14, 1990, Anthony J. Heaney [Heaney] was seated in his car parked on parkland owned by the City of Wilmington [City] but leased by it to New Castle County [County] [collectively defendants] when a tree fell on the car resulting in his death. As a result of this freakish tragedy, Heaney's widow Susan G. Heaney and her two daughters [collectively plaintiffs] have brought a multi-count personal injury and property damage action against the City and the County. The County has moved to dismiss plaintiff's first amended complaint (filed October 2, 1992) and the City has moved for summary judgment.

In Counts I and II, the defendants are accused of acting recklessly, willfully and wantonly with respect to Heaney by:
(a) failing to protect the decedent from the known danger of falling trees and debris;
(b) failing to give notice of warning to the decedent of the known, foreseeable, and unreasonable risk of injury and death as a result of its failure to provide a safe parking area;
(c) failing to properly maintain, control, inspect, remove and trim trees near the area where the decedent parked his automobile;
(d) failing to properly maintain the Park which was within its jurisdiction and control;
(e) improperly causing the area where the decedent parked his automobile to be unreasonably dangerous when it was foreseeable that individuals such as the decedent would park their automobiles in said area and thus be subjected to the dangers of falling trees and debris;
(f) failing to take appropriate action to protect the person and property of the decedent despite its knowledge that the parking area was surrounded by trees in need of maintenance, trimming and/or removal; and
(g) failing to give notice to the decedent of the undue risk associated with parking his automobile in the area of the Park in question.

First Amended Complaint ¶ 14 at 4.

In Counts III and IV, the defendants are alleged to have been grossly negligent by failing to do the same seven acts as alleged in the first two counts.

Plaintiffs allege in Counts V and VI that the defendants were negligent in various respects, repeating the same seven specific acts as in the earlier counts. In Counts VII and VIII, plaintiffs allege intentional, willful and wanton conduct by the defendants stating seven grounds similar to those grounds in the earlier counts but using different wording.

The plaintiffs claim in Counts IX and X that the defendants breached an implied warrant of suitability of the park for the use Heaney made of it. Further, in Counts XI and XII plaintiffs claim that the defendants breached their duty as owner/occupiers to business invitees by not providing a safe parking area or warning of any dangers. In the final two counts, XIII and XIV, plaintiffs claim the defendants violated Heaney's federal constitutional rights and allege a cause of action under 42 U.S.C. § 1983.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                   Page 2
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

## FACTS

On July 16, 1990, Heaney parked his car alongside Kentmere Parkway in Brandywine Park [Park] which is owned by the City. It is leased to the County until June 30, 2009. Under that lease, the City relinquished its right to interfere in any manner in the County's rights while retaining its rights of ingress and egress to the Park so that it might repair and/or maintain or replace "sewer lines, water lines, other utilities and roadways". City Appendix at A-2. In return, the County agreed it should "control and have sole jurisdiction over and shall maintain and operate" the Park. *Id.* at A-1.

*2 The City moves for summary judgment on the grounds that it is entitled to sovereign immunity, it had no duty to Heaney, that there was no claim stated for breach of warranty and that plaintiffs failed to state a civil rights claim under 42 U.S.C. § 1983. The County moves for dismissal because plaintiffs have failed to state a claim upon which relief can be granted, as all plaintiffs' claims are barred by sovereign immunity.

## STANDARD OF REVIEW

Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Delmar News, Inc. v. Jacobs Oil Co.*, Del.Super., 584 A.2d 531 (1990). The Court must consider the facts stated in a light most favorable to the non-moving party. *State v. Regency Group, Inc.*, Del.Super., 598 A.2d 1123 (1991). Where there is a material fact in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law, summary judgment is inappropriate. *Tew v. Sun Oil Co.*, Del.Super., 407 A.2d 240 (1979).

A motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Superior Court Civil Rule 12(b)(6) will not be granted if the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint. *Spence v. Funk*, Del.Supr., 396 A.2d 967 (1978). In considering this motion, all well-pleaded allegations in the complaint must be accepted as true. *American Ins. Co. v. Material Transit, Inc.*, Del.Super., 446 A.2d 1101 (1982).

## DISCUSSION

*Tort Claims Act*

A

The Court will first consider whether plaintiffs can maintain their action in the face of the County and Municipal Tort Claims Act [Act]. 10 *Del.C.* § 4010-4013.

Section 4011(a) provides:
(a) Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages....

In subsection (b) of § 4011, there are enumerated six examples of the range of activities for which local government entities are immune. However, the same subsection provides that the list is inclusive not exclusive.

The Act provides three exceptions to the broad grant of immunity:
A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.
(2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.
(3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.

*3 10 *Del. C.* § 4012.

Our Supreme Court has said that the enactment of the Act was intended to provide "a broad statutory

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                        Page 3
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
(Cite as: Not Reported in A.2d)

premise for the invocation of immunity...." *Sadler v. New Castle County*, Del.Supr., 565 A.2d 917, 921 (1989). This principle has been recently reaffirmed. *Moore v. Wilmington Housing Auth.*, Del.Supr., 619 A.2d 1166, 1168 (1993). The Supreme Court has also stated that the three exceptions stated in § 4012 are the only exceptions to immunity, *Fiat Motors of North America v. Mayor and Council of Wilmington*, Del.Supr., 498 A.2d 1062, 1066 (1985), and are to be strictly construed, *Sadler*, 565 A.2d at 923.

Plaintiffs claim that the defendants were negligent, grossly negligent, reckless and acted willfully and wantonly in various respects toward Heaney. They also allege the defendants acted intentionally. In their briefing before this Court, plaintiffs have virtually abandoned their claims against defendants premised on these claims. In addition, the case law supports that "abandonment".

In *Estate of Kathleen Dougherty v. New Castle County*, Del.Super., C.A. No. 85C-JN-23 and 86C-JL-39, Stiftel, J. (December 16, 1986), the plaintiff sued New Castle County and several of its employees. The plaintiff, who later died in an unrelated accident, was injured on County property when a dead tree branch, without warning and on a nice day, fell on her causing serious injuries. Of the two County employees sued, one had discovered the dead tree branch several weeks prior to its fall but did nothing and told no one. The other employee had inspected the one tree and others in the area prior to the event bringing plaintiff to the County property but no special inspection was made after a severe windstorm in the week before the branch fell. The court found that the County was immune from plaintiff's negligence action. *Id.* at 5. The action against the employees was allowed to proceed.

In *Smith v. Commissioners of Dewey Beach*, D.Del., 685 F.Supp. 433 (1988), the court granted the town's motion for summary judgment. Plaintiff claimed that Dewey Beach's conduct amounted to gross negligence and willful and wanton misconduct. The court found that the Act immunized Dewey Beach even with the level of misconduct claimed.

This Court has also found that the City of Newark was immune from a suit alleging grossly wanton conduct because its building inspectors did not determine that a new home was constructed out of compliance with the City building codes. *Burnes v. United Services Automobile Assoc. Properties Fund, Inc.*, Del.Super., C.A. No. 90C-MR-60, Herlihy, J. (March 14, 1991).

Plaintiffs rely upon *Sussex County v. Morris*, Del.Supr., 610 A.2d 1354 (1992) as authority that the choice to maintain or inspect or take down a tree or trees is "ministerial". *Morris* carved out an exception to the broad immunity of the Act by holding that ministerial torts are not immunized where one of the three exceptions under 10 *Del.C.* § 4012 apply. *Morris*, 610 A.2d at 1359.

*4 These cases show there are two problems with plaintiffs' argument. First, the act or acts of maintaining parks, pruning or not pruning trees and/or removing or not removing trees or branches is discretionary. *Sack v. New Castle County*, Del.Super., C.A. No. 89C-SE-68, Herlihy, J. (March 22, 1991); *Sims v. Newark*, N.J.Super., 581 A.2d 524, 529-30 (1990). Second, none of the exceptions of 10 *Del.C.* § 4012 apply to plaintiffs' claim. The arguably closest is § 4012(2) [FN1] but plaintiffs do not dispute that the area where Heaney was parked is a public park used for outdoor recreation. Plaintiffs really advance no argument that any statutory exception in the Act allows their claims to go forward.

FN1. *See supra*, at 1.

B

Plaintiffs, understanding the difficulty with the merits of this portion of their claim under Counts I through VIII, argue that their action is an exception to the Act and that the defendants are not immunized. They primarily rely upon *Walls v. Rees*, Del.Supr., 569 A.2d 1161 (1990). The Supreme Court in that case held that a replevin action was not a "tort claim seeking a recovery of damages." 10 *Del.C.* § 4011(a); *Id.* at 1166. [FN2] Since Walls' replevin action was not a tort action and since the County had an affirmative statutory duty to perform an act (return his car), this Court recognized a duty "of a type not even addressed in [the Act]." *Id.* at 1168.

FN2. The Court held that insomuch as a portion of Walls' claims were based on negligence or improper exercise of discretion, the County was immune from suite under the Act. *Id.* at 1165.

In this case, plaintiffs point to various City ordinances and state statutory provisions which they argue mandate the defendants to perform certain

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00163-GMS    Document 36-15    Filed 05/19/2006    Page 5 of 9

Not Reported in A.2d                                                                                    Page 4
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
(Cite as: Not Reported in A.2d)

duties in connection with the parkland, including the tree which fell on Heaney.

First, plaintiffs argue that under § 5-400(h) [FN3] of the *Wilmington City Code,* the failure of the City to inspect the trees is a failure to do an affirmative duty. Second, they contend that the County failed to perform its duties mandated under 9 *Del.C.* §§ 604(b), 701(a) and 772.[FN4] However, none of the ordinances or laws of the cited sections are as specific as the particular statutes [FN5] the court in *Walls* found created the specific duty removing the situation from the immunity of the Act. The *Walls* court continued that the duty to return the automobile fell "into a very different category than the general duty to avoid tortious conduct." *Walls,* 569 A.2d at 1168. There was a duty under 11 *Del.C.* § 2311 to return the vehicle. In the matter now before this Court, no statute has been shown which specifically requires the defendants to inspect trees and remove any diseased or damaged trees.

FN3. The department shall itself, or by contract, maintain and repair all city buildings and grounds, except that with the approval of the administrative assistant any department, board or commission may perform such services itself as to any building and grounds which are under its exclusive control....
1 *Wilm.C.* § 5-400(h).

FN4. Parks and recreational facilities in the unincorporated communities of New Castle County shall be under the supervision of the Department of Parks and Recreation as provided in Chapter 13 of this title.
9 *Del.C.* § 604(b).
The purpose of this chapter is to provide a procedure whereby any territory so lying as to form 1 connected area (no portion of which shall be already included in an incorporated park district established under the provisions of this chapter) may be incorporated as a park district to establish and maintain parks and other recreational facilities and pay for the same through district bonds, the interest and principal of such bonds to be collected by taxation of the district benefitted.
9 *Del.C.* § 701(a).
All park districts shall have power to plan, establish and maintain recreational programs, provide musical concerts, to construct, equip and maintain field houses, gymnasiums, assembly rooms, comfort stations, indoor and outdoor swimming pools, wading pools, bathing beaches, bath houses, locker rooms, boating basins, boat houses, lagoons, skating rinks, piers, conservatories for the propagation of flowers, shrubs, and other plants, animal and bird houses and enclosures, athletic fields with seating stands, golf, tennis, and other courses, courts, and grounds, and the power to make and enforce reasonable rules, regulations, and charges therefor. The express enumeration of each of the foregoing recreational facilities and equipment which park districts are herein given the power to provide shall not be construed as a limitation upon said park districts, nor prohibit any park district from providing any other facilities or equipment which may be appropriate for park purposes in any park of said district, nor shall the same in any way be held to limit the power and authority conferred upon park districts under other sections of this chapter.
9 *Del.C.* § 772.

FN5. 11 *Del.C.* §§ 2311 and 2322.

The principles of statutory construction generally read the term "shall" as creating a mandatory duty. Yet, "in some instances it must be read in a non-mandatory sense." *Wooters v. Jornlin,* D.Del. 477 F.Supp. 1140, 1145 (1979). Where prospective action by government employees is involved,
the word "shall" may be given a merely directory meaning, if the law's purpose is the protection or organization of the government by guidance of its officials rather than the granting of rights to a private person. [Citations omitted.]

*Wooters,* 477 F.Supp. at 1146. Thus, under § 5-400, the term "shall" is directory. The governmental entity is informed as to what act should be done but not the manner or time. *Sims v. Newark,* N.J.Super., 581 A.2d 524, 529-30 (1990). As the duty to inspect trees is a discretionary function, *supra* at 6, under 10 *Del.C.* § 4011(3), failure to perform this duty does not create liability.

*5 The Court finds that the defendants are immune from liability under the Act. No exceptions apply under 10 *Del.C.* § 4012, *Walls* or *Morris.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                              Page 5
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

*Breach of Warranty*

Plaintiffs claim in Count IX that the defendants are liable because they breached their warranties of suitability.
89. The city, by virtue of providing the Park and the parking area and encouraging the use of the facilities by individuals like the decedent, impliedly warranted the suitability of the Park and the parking area and warranted that they were fit for the use decedent made of them.
90. The City breached its warranty of suitability by failing to provide the decedent with an area to park his automobile in the Park which was free from the known and foreseeable risks of falling trees and debris and which was suitable for its intended purpose.

First Amended Complaint at 23. Count X puts forth the same claims in paragraphs 95 and 96 substituting the term "County" for the term "City".

Implied warranties are covered by 6 Del.C. § 2-315:
Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is ... an implied warranty that the goods shall be fit for such purpose.

There was no sale between either of the defendants and Heaney. The tree which hit the Heaney car was not covered by any contract of sale. No reliance by Heaney on the City or the County for their knowledge or judgment in selecting that tree has been shown. The tree does not qualify as a good. Thus, title 6 of the *Delaware Code* is not applicable in the matter now before the Court. Further, in their briefing opposing defendants' motion, plaintiffs offer no argument in support of this ground.[FN6] Thus, they have waived or abandoned it.

> FN6. If plaintiffs' claim under Counts X and XI relates to suitability of the land under *Brown v. Robyn Realty Co.,* Del.Super., 367 A.2d 183 (1976) or *Ford v. Ja-Sin,* Del.Super., 420 A.2d 184 (1980), they have not advanced any argument in support of it. Defendants have not addressed this argument either because plaintiffs did not. The Court deems it unnecessary to *sua sponte* discuss and decide this possible ground or order additional briefing as plaintiffs appear to have abandoned any claim under the theory of suitability.

*Civil Rights Claim*

The Court will next examine plaintiffs' claim that the defendants violated Heaney's civil rights under 42 U.S.C. § 1983. This section is the method by which federal rights granted elsewhere, through the United States Constitution or federal statutes, are vindicated. *Slawik v. State,* Del.Supr., 480 A.2d 636, 640 (1984). Liability is imposed by § 1983 "only for violations of rights secured by the Constitution or federal law." *Jackson v. Byrne,* 738 F.2d 1443, 1445 (7th Cir.1984). Section 1983 does not create any rights; it only provides remedies. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791, 800 (1985).

The due process clause is
a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interest do not come to harm by other means.

*6 *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 195, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 258-59 (1989). It "is designed to control abuse of governmental power, and on that account does not reach negligence but does proscribe intentional deprivations." *Archie v. City of Racine,* 847 F.2d 1211, 1220 (7th Cir.1988). "[G]ross negligence does not violate the Due Process Clause." *Id.* at 1219.

In a claim of a civil rights violation under § 1983, the plaintiff must allege and prove two essential elements:
first, whether the conduct complained of was committed by a person acting under color of state law; and second, whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. [Citations omitted.]

*Metcalf v. Long,* D.Del. 615 F.Supp. 1108, 1113 (1985).[T]he starting point in an analysis of a § 1983 claim is the isolation of the specific federal right that plaintiff claims defendant violated when acting under the color of state law.

*Byrne,* 738 F.2d at 1445-46.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                 Page 6
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
(Cite as: Not Reported in A.2d)

Plaintiffs claim defendants violated Heaney's right to life. Heaney did die when the car in which he was seated was struck by a tree located on defendants' property. Thus, Heaney was deprived of his life, however, that is not the end of the inquiry. The Court must now determine whether Heaney was deprived of his life by the City or the County or both and, if so, whether that deprivation was without due process. The specific question is whether defendants' failure to remove the tree is actionable under § 1983 as a deprivation of life without due process of law. *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir.1983).

Under § 1983, only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611, 638 (1978). "A section 1983 complaint against a [local government] must allege, (1) the existence of a custom or policy of the [local government] which is of long standing as to have force of law, and (2) that one or more of the [local government's] employees violated the plaintiff's civil rights while acting pursuant to this custom or policy." *Scott v. Rieht,* E.D.Pa., 690 F.Supp. 368, 371 (1988).

The term "policy" implies conscious choices by policymakers among alternatives as to basic governmental functions rather than periodic discretionary choices as to the operation of the government. *Spell v. McDaniel,* 824 F.2d 1380, 1386 (4th Cir.1987). The court assumes the policy in question is the maintenance, or lack thereof, of parkland trees.
[W]here the policy relied upon is not itself unconstitutional, considerably more proof that the single incident will be necessary in every case to establish both the requisite fault on the part of the [local government], and the causal connection between the "policy" and the constitutional deprivation."

*7 *Tuttle,* 471 U.S. at 824, 105 S.Ct. at 2436, 85 L.Ed.2d at 804. The policy dealing with parkland maintenance is not unconstitutional. Plaintiffs have so far only alleged the one incident of a tree falling and killing a person. "Custom and usage" in the sense of "persistent and widespread ... practices" by [local government] agents and employees, may be attributed to [the local government] when the duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the [local] governing body that the practices have become customary among its employees. Actual knowledge may be evidenced by recorded reports to or discussion by a [local] government body. Constructive knowledge be evidence by the fact that the practices have been so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of them.

*Spell,* 824 F.2d at 1387.

Defendants have no constitutional obligation to provide their citizens with protective services. *Bradberry v. Pinellas County,* 789 F.2d 1513 (11th Cir.1986). Thus, "they cannot be held liable when someone is injured because of a lack of such services." *Id.* at 1516.
Generally, liability for negligence arises only from affirmative action. Where, however, one has an affirmative duty to act and he fails to act accordingly, he may be held liable for his nonfeasance if his omission is unreasonable under the circumstances.

*Jennings v. Davis,* 476 F.2d 1271, 1275 (8th Cir.1973). Maintenance of parkland trees would qualify as protective services.

Plaintiffs have not pled affirmative action by either defendant. Therefore, it cannot be said that the defendants' omission was unreasonable. As there is no duty to provide such maintenance, there can be no breach of that duty and, thus, defendants cannot be held liable.
[T]he administration of Government programs is based on a rational decisionmaking process that takes account of competing social, political, and economic forces. Decisions concerning the allocation of resources to individual programs ... involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges interpreting the basic charter of government for the entire country. The due process clause "is not a guarantee against incorrect or ill-advised personal decisions."

*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, ----, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261, 275 (1992). It "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels,* 474 U.S. at 332, 106 S.Ct. at 665, 88 L.Ed.2d at 669. The only time there is an affirmative duty for local governments to act is when

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00163-GMS    Document 36-15    Filed 05/19/2006    Page 8 of 9

Not Reported in A.2d                                                                                     Page 7
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
(Cite as: Not Reported in A.2d)

the governmental services are to be provided to individuals "with whom the state ha[s] created a custodial or other special relationship." _Byrne_, 738 F.2d at 1447. There is no such relationship between the defendants and Heaney. Heaney was not in the custody of the City or County as a prisoner or mental patient.*8 [W]here a member of the public is harmed as a result of a governmental official's failure to act, a constitutional violation is not generally found ... unless the government conduct is "sufficiently severe, sufficiently disproportionate to the need presented and so deliberate and unjustified a use of [authority] as to transcend the bounds of ordinary tort law and established a deprivation of constitutional rights."

_Smith v. Bernier_, D.Md., 701 F.Supp. 1171, 1177 (1988) citing _Shillingford v. Holmes_, 634 F.2d 263, 266 (5th Cir.1981). Here, the defendants' alleged failure to act was not sufficiently severe and disproportionate to the need. It was also not deliberate that it transcended the bounds of ordinary tort law to establish a deprivation of constitutional rights. Defendants' alleged lack of due care, does not approach the sort of abusive government conduct that the due process clause was designed to prevent. Far from abusing governmental power, or employing it as an instrument of oppression, [the defendants] mistakenly believed that the situation was not particularly serious.... The guarantee of due process has never been understood to mean that the [government] must guarantee due care on the part of its officials.

_Davidson v. Cannon_, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677, 682-83 (1986). But a policy or custom that is not itself unconstitutional ... must be independently proved to have caused the violation. Proof merely that such a policy or custom was "likely" to cause a particular violation is not sufficient; there must be proved at least an "affirmative link" between policy or custom and violation; in tort principle terms, the causal connection must be "proximate," not merely "but for" causation-in-fact.

_Spell_, 824 F.2d at 1387-88. There is no affirmative link between the defendants' failure to remove the trees and the time it fell. Cars are not always parked in the area in question and the defendants did not force Heaney to park in that particular spot. He chose where to park his car. The defendants also did not push the tree down upon Heaney's car. There is no constitutional right to be protected by the defendants against being killed by a falling tree. _Bowers v. DeVito_, 686 F.2d 616, 618 (7th Cir.1982). No City or County official killed Heaney. _Byrne_, 738 F.2d at 1446.

As previously mentioned, there is no statutory duty to inspect or remove damaged or diseased trees under the _Delaware Code_. There is also no United States Constitution or federal law duty to do so. The Fourteenth Amendment Due Process Clause is "a protection against coercion by state government." _City of Joliet_, 715 F.2d at 1203-04. It "does not impose upon the states an obligation to provide their citizens with public services.... [A] state, or political subdivision thereof, cannot be held liable under the Due Process Clause, through § 1983, for its failure to provide such protection." _Dudosh v. City of Allentown_, E.D.Pa., 665 F.Supp. 381, 388 (1987). "[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution." _Daniels v. Williams_, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 82 L.Ed.2d 662, 669 (1986). "Government officials performing discretionary functions are generally shielded from liability for civil damages if their conduct does not violate a clearly established constitutional right of which a reasonable person would have known." _Looney v. City of Wilmington_, D.Del., 723 F.Supp. 1025, 1037 (1989).

*9 In the case of _Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit_, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court held there is no "stringent" or "heightened" pleading requirement for civil rights complaints against municipalities. Revoking a Fifth Circuit affirmance of the granting of a motion to dismiss, the Supreme Court found it sufficient that the complaint alleged only a failure to train.

In their action here, plaintiffs have alleged that unnamed employees of the defendants, acting in their official capacities, acted pursuant to custom and usages of the defendants. While conclusory in nature, this allegation is not unlike one implicitly approved in _Leatherman_, namely, police officers acting in conformity with official policy, custom or practice. _Karim-Panahi v. Los Angeles Police Dept._, 839 F.2d 621 (9th Cir.1989) (cited in _Leatherman_).

This Court is confronted with two motions. One is a motion to dismiss, the other a motion for summary judgment. The only possible additional matter in the record is a copy of the lease between the defendants. There are no answers to interrogatories, no depositions, no affidavits or any other material normally found in a summary judgment motion.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00163-GMS    Document 36-15    Filed 05/19/2006    Page 9 of 9

Not Reported in A.2d                                                                                           Page 8
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)
(Cite as: Not Reported in A.2d)

If the plaintiffs can show a custom that officials in a position to constrain the discretion of subordinates have engaged in conduct to establish a well-settled course of action that amounted to force of law, they *may* have established the first of the two prongs required for a successful § 1983 action. *Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3rd Cir.1990). However, even assuming such an unlawful policy or custom can be established *and* meets the first of the two tests of a successful civil rights claim, plaintiffs must next establish the nexus between that policy or custom. *Metcalf,* 615 F.Supp. at 1122.

As the United States Supreme Court admonished in *Leatherman,* there is a clear distinction between protection against liability and immunity from suit. *Leatherman,* 507 U.S. at ----, 113 S.Ct. at 1162, 122 L.Ed.2d at ----. Since it is clear that plaintiffs' allegations of a civil rights violation pass the threshold of a motion to dismiss, the County's 12(b)(6) motion is premature. While entitled a summary judgment motion, the City's motion is virtually indistinguishable from a motion for judgment on the pleadings. Consequently it is premature.

Accordingly, the defendants' motions to dismiss and for summary judgment in the plaintiffs' civil rights claims are DENIED.

## CONCLUSION

As to Counts I-XII of plaintiff's first amended complaint, the defendant City of Wilmington's motion for summary judgment and the defendant New Castle County's motion to dismiss are GRANTED. As to Counts XIII and XIV of the plaintiff's first amended complaint, the motion for summary judgment of defendant City of Wilmington and the motion to dismiss of defendant New Castle County are DENIED.

*10 IT IS SO ORDERED.

Del.Super.,1993.
Heaney v. New Castle County
Not Reported in A.2d, 1993 WL 331099 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.