IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MAHONEY and<br>TINA MAHONEY, h/w<br><br>      Plaintiffs<br><br>v.<br><br>BENJAMIN BANNEKER ELEMENTARY<br>SCHOOL and MILFORD SCHOOL DISTRICT<br><br>      Defendants, Third-Party<br>      Plaintiffs<br><br>v.<br><br>PLYMOUTH ENVIRONMENTAL CO., INC.<br><br>      Third-Party Defendants | C.A. No.:    05-163 GMS<br><br>TRIAL JURY OF TWELVE<br>DEMANDED |

**PLAINTIFFS' OPPOSITION TO DEFENDANT/THIRD-PARTY PLAINTIFF
MILFORD SCHOOL DISTRICT BOARD OF EDUCATION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

      **AND NOW,** come Plaintiffs James Mahoney and Tina Mahoney, h/w, by and through their undersigned attorney, Marc H. Snyder, Esquire, file this Opposition to Defendant/Third-Party Plaintiff's Motion for Summary Judgment, and in support thereof aver as follows:

      1.      Admitted.

      2.      Admitted in part, denied in part. It is admitted that when plaintiff Tina Mahoney was injured on defendant's premises, plaintiff was employed as a laborer, for Plymouth Environmental Co., who contracted with defendant to abate asbestos in the Banneker School, prior to the school's demolition. The remainder of defendant's allegations are denied. The basis for plaintiffs' denial is addressed at length in the attached memorandum of law.

-2-

3. Admitted in part, denied in part. It is admitted that James Mahoney took photographs of the subject steps shortly after Tina Mahoney's accident. It is specifically denied that the conditions of the steps at the time of Tina Mahoney's fall was "obvious" to Tina Mahoney, or any other person traversing down the steps. The basis for plaintiffs' denial is addressed at length in the attached memorandum of law.

4. It is admitted the defendant accurately cites this court's standard to grant a party's motion for summary judgment. It is strictly denied that defendant has met this standard, or that summary judgment is appropriate in this case.

5. It is admitted that under Delaware law, a landowner's duty to an employee of an independent contractor working on the landowner's premises is set forth in Restatement (Second) Torts, § 343. It is further admitted that plaintiff must meet all three elements of § 343, in order to establish liability.

6. Denied. It is strictly denied, and inapposite to the evidence that the defective steps were an "obvious condition." The basis for plaintiffs' denial is addressed at length in the attached memorandum of law.

It is further strictly denied that defendant did not owe plaintiff a duty to warn her and/or remedy this latent, defective, concealed condition, which caused plaintiff to fall down the exterior steps. The basis for plaintiffs' denial is addressed at length in the attached memorandum of law.

7-12. Admitted in part, denied in part. It is admitted that school boards are entitled to the protections of the State Tort Claims Act, with respect to discretionary acts committed in good faith, in the course of the performance of official duties and with gross or wanton negligence. 10 Del. C. § 4001, 4003. It is strictly denied, however, that defendant had a *discretionary* duty to maintain the steps. Rather, defendant had a ministerial duty to maintain or repair the stair, or otherwise prevent

access to the stairs during the pendency of the asbestos abatement project. (See 14 Del. C. § 1055:

> **§ 1055. Maintenance of school property**
>
> The school board of each reorganized school district shall provide for the care of the buildings, grounds, equipment, apparatus and other school property and shall maintain the same in accordance with the standards adopted by the Department. The school board shall make all repairs to school property, purchase all necessary furniture and provide for the adequate heating and proper ventilation of the buildings.

13-14. Denied. The defendant cites to Heaney v. New Castle County, Del. Super., Lexis 254, C.A. No. 91C-08-42, Heriihy, J. (July 8, 1993), in support of its position. The defendant's reliance on Heaney is misplaced. Heaney involved an injured Wilmington resident who was killed when a tree on city land fell and crushed a car, and killing its occupant. In granting the city's motion for summary judgment, the court held that there was "no statutory duty to inspect or remove damaged or diseased trees under the Delaware Code." Heaney at 25.[1]

Conversely, in the instant matter, 14 Del. C. §1055 plainly creates a statutory requirement for school boards to maintain the steps. The basis for plaintiffs' argument is set forth in the attached memorandum of law.

15-16. Denied. The defendant's reliance on Wooters v. Jornlin, 477 F. Supp., 1140, 1145 (D. Del. 1979) is similarly misplaced.[2] Defendant mistakenly cites Heaney and Wooters to support its argument that defendant's duty is discretionary and not, ministerial. As set forth at length in plaintiffs' attached memorandum of law, Delaware courts have established that a school board's duty to maintain the school grounds is ministerial, and subject to a landowner's duty, as set forth in

---

1   The Heaney court held the defendants were immune from liability, pursuant to the Municipal Tort Claims Act. 10 Del. C. § 4010-4013. The court further no exceptions applied under 10 Del.C. § 4012.

2   Wooters v. Jornlin, 477 F. Supp., 1140, 1145 (D. Del. 1979) involved plaintiff homeowners who filed a constitutional claim against government agencies who issued certificate of occupancies without allegedly enforcing local housing and building codes.

Restatement (Second) Torts, § 343.[3]

    17. Denied.

    18. Denied.

Respectfully Submitted,

By: _____
MARC H. SNYDER, ESQUIRE (#3791)
Rosen, Moss, Snyder & Bleefeld, L.L.P.
1813 Marsh Road, Suite D
Wilmington, DE 19810
Attorney for Plaintiffs

---

[3] Restatement (Second) Torts, §343, provides: that a plaintiff must establish (1) the landowner knew, or reasonably should have known, of a concealed, previously existing hazardous condition on its premises; (2) the landowner knew, or reasonably should have known, that the contractor and its employees did not know, and could not reasonably have been expected to know, of the hazardous condition; and (3) the landowner nonetheless failed to warn the contractor or take other appropriate action to prevent the injury.