IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MAHONEY and<br>TINA MAHONEY, h/w<br><br>      Plaintiffs<br><br>v.<br><br>BENJAMIN BANNEKER ELEMENTARY<br>SCHOOL and MILFORD SCHOOL DISTRICT<br><br>      Defendants, Third-Party<br>      Plaintiffs<br><br>v.<br><br>PLYMOUTH ENVIRONMENTAL CO., INC.<br><br>      Third-Party Defendants | CIVIL ACTION NO. 05-163 GMS<br><br><br>TRIAL JURY OF TWELVE<br>DEMANDED<br><br>E-FILE |

**DEFENDANT, THIRD PARTY PLAINTIFF MILFORD SCHOOL DISTRICT BOARD OF EDUCATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff contends that Defendants are not entitled to summary judgment because the condition of the sidewalk was not obvious to Mrs. Mahoney and Defendants failed to comply with a ministerial task. Both argument's fail.

Plaintiff contends that the condition of the sidewalk was not obvious to Mrs. Mahoney because she stated that the condition of the sidewalk was not as depicted in Exhibit A to the Answering Brief. It is undisputed that Mr. Mahoney took the photographs shortly after Mrs. Mahoney fell. The fact that Mrs. Mahoney does not have a clear recollection of what the steps looked like does not create a genuine issue of fact with respect to what the steps looked like when she fell. The only conclusion to be drawn from Plaintiffs' evidence is that the stairs looked like the steps shown in Exhibit A when Ms. Mahoney fell.

Plaintiff also contends that the condition of the steps was not obvious because Mrs. Mahoney did not notice anything wrong with them so, therefore, the condition of the steps was not obvious to her. Whether a danger condition is an obvious condition, however, is determined using an objective test,[1] not a subjective one. There can be do no doubt that the condition of the steps was obvious to anyone who looked at them. Moreover, that there are hazards associated with walking on loose concrete and/or stones is also obvious. The condition at issue was obvious and, therefore, Defendant owed no duty to Plaintiff.[2]

Plaintiff also contends that Defendant owed her a ministerial duty, arising from 14 *Del. C.* § 1055. Defendant acknowledges that prior case law in Delaware appears to establish that § 1055 imposes a ministerial duty on school districts to maintain school property. The cases Plaintiff relies on, however, *Scarborough*[3] and *O'Connell*,[4] conclude that § 1055 imposes a ministerial duty without any consideration of whether the term "shall" in § 1055 is merely directory. The issue of whether the term "shall" in § 1055 is directory, therefore, appears to be an issue of first impression. Thus, *Scarborough* and *O'Connell*, are not controlling.

Plaintiff argues that Defendant's reliance on *Heney*[5] is misplaced because the court in *Heney* held that there was no statutory duty to inspect or remove damaged or diseased trees imposed on the City of Wilmington under the Delaware Code. Ans. Brf. at 12. Plaintiff misreads *Heney*.

---

[1] *See Macey v. AAA-1 Pool Builders and Service Co.*, 1993 WL 189481 at *3 (Del. Super. Ct.) (Exh. 1) (stating that whether a product's dangerous condition is an obvious one is determined using an objective test).
[2] *See In re: Asbestos Litigation*, 2006 WL (limiting liability to *concealed* conditions).
[3] *Scarborough v. Alexis I. DuPont High School, et. al.*, 1986 WL 10507 (Del. Super. Ct.) (Op. Brf. Exh. 9).
[4] *O'Connell v. LeBloch*, 2000 WL 703712 (Del. Super. Ct.) (Op. Brf. Exh. 12).
[5] *Heney v. New Castle County*, 1993 WL 331099 (Del. Super. Ct.) (Op. Brf. Exh. 13).

In *Heney*, the plaintiffs argued that City had an affirmative duty to maintain trees in its parks because there was a city ordinance which stated that "[t]he department shall, itself, or by contract, maintain and repair all city buildings and grounds."[6] The court held that the term "shall" within this city ordinance was directory because it informed the City what act should be done, but not the manner or time.[7] Thus, although the City had a duty to inspect trees, the duty was a discretionary one and the failure to perform this "duty" did not result in liability pursuant to the Municipal Tort Claims Act, 10 *Del. C.* § 4011(3).[8] Contrary to Plaintiff's assertion, the court did not hold that the City had no duty. Rather, the court held that the duty to inspect trees arising from the City code was a discretionary function, not a minsterial one. *Heney* directly supports Defendant's position.

The language quoted by Plaintiff, to wit, that there was "no statutory duty to inspect or remove damaged or diseased trees under the Delaware Code," is taken from an analysis pertaining to whether the plaintiff could maintain a Civil Rights claim based upon a violation of the Due Process clause. This portion of the opinion does <u>not</u> address whether the city ordinance imposed a mandatory, ministerial duty for purposes of the Municipal Tort Claims Act. Although there may not be a state statutory provision imposing a duty to inspect trees, the court clearly held that there was a City ordinance that imposed a duty, but the duty involved a discretionary, rather than a ministerial function. The City, therefore, was entitled to immunity with respect to the plaintiffs' state law claims.

Plaintiff further contends that Defendant abdicated its statutory responsibility to maintain the exterior stairway landing. This argument fails, however, because at the point in time that the

---

[6] *Id.* at *4 (citing 1 *Wilm. C.* § 5-400(h)).
[7] *Id.*
[8] *Id.*

DOCS_DE 126803v.1

accident occurred, the building was no longer being used as a school. Any duty imposed by § 1055, therefore, was not applicable. The plain language of § 1055 limits repairs, etc. to "school" property. It does not extend to property owned by the district which is not being used as a school.

Plaintiff also argues that Defendant's reliance on *Wooters*[9] is misplaced because in *Wooters,* this Court was addressing a constitutional claim against government agencies who issued certificates of occupancies without allegedly enforcing the local building codes. Although, admittedly, *Wooters* does not involve a case of school maintenance, nothing in *Wooters* suggests that its discussion of whether the term "shall" in a statute is directory or mandatory is limited to situations involving constitutional claims against local building officials.

In *Wooters*, this Court rejected the plaintiffs' argument that the term "shall" in 9 *Del. C.* § 1361 created a mandatory duty, thereby establishing a claim of entitlement, i.e. a property right, which would support a constitutional claim. As the Court held: when "affirmative words such as 'shall' are employed and relate to the manner in which power or jurisdiction vested in a public office or body is to be exercised and not to the limits of the powers or jurisdiction itself, they may, and often have been, construed as directory rather than mandatory."[10] This general principle applies to any statutory analysis, no just to constitutional claims. Where a statute involves prospective action by government officials the word "shall" should be give a merely directory meaning if the law's purpose is the protection or organization of government by guidance of its officials, rather than granting rights to a private person.[11] There can be no doubt that 14 *Del. C.* § 1055's purpose is the protection or organization of school districts, that it

---

[9] *Wooters v. Jornlin*, 477 F.Supp. 1140 (D. Del. 1979).
[10] *Id.* at 1145-46.
[11] *Id.* at 1146.

DOCS_DE 126803v.1

- 5 -

provides guidance to school officials rather than grants rights to a private person, and it involves prospective action by government officials. As such, the only conclusion to be drawn is that the term "shall" is directory. § 1055, therefore, does not create a ministerial duty.

Because Defendant is entitled to invoke the protection of the State Tort Claims Act even if its actions were otherwise negligent, the Court should grant summary judgment in Defendant's favor.

          Respectfully submitted,

          WHITE AND WILLIAMS LLP

          WILLIAM L. DOERLER (#3627)
          824 N. Market Street, Suite 902
          P.O. Box 709
          Wilmington, DE 19899-0709
          302-467-4508
          Attorney for Defendant Third-Party
          Plaintiff Milford School District
          Board of Education

Date: June 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MAHONEY and<br>TINA MAHONEY, h/w<br><br>        Plaintiffs<br><br>v.<br><br>BENJAMIN BANNEKER ELEMENTARY<br>SCHOOL and MILFORD SCHOOL DISTRICT<br><br>        Defendants, Third-Party<br>        Plaintiffs<br>v.<br><br>PLYMOUTH ENVIRONMENTAL CO., INC.<br><br>        Third-Party Defendants | CIVIL ACTION NO. 05-163 GMS<br><br>TRIAL JURY OF TWELVE<br>DEMANDED<br><br>**E-FILE** |

## **CERTIFICATE OF SERVICE**

I, William L. Doerler, Esquire, do hereby certify that on this 5th day of June, 2006, two copies of the foregoing **DEFENDANT, THIRD PARTY PLAINTIFF MILFORD SCHOOL DISTRICT BOARD OF EDUCATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** were delivered via First Class Mail, postage prepaid and/or E-File and Serve upon:

Marc H. Snyder, Esquire
Frank, Rosen, Snyder & Moss, LLP
8380 Old York Road, Suite 410
Elkins Park, PA 19027

Michael K. Tighe, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899

WHITE AND WILLIAMS LLP

BY: _____
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4508
Attorney for Defendant Third-Party Plaintiff
Milford School District Board of Education