# EXHIBIT 1

Westlaw.

Not Reported in A.2d                                                                                                                  Page 1
Not Reported in A.2d, 1993 WL 189481 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware, New Castle County.
Kenneth MACEY and Margaret Macey, Plaintiffs,
v.
AAA-1 POOL BUILDERS AND SERVICE COMPANY, Defendant.
Submitted: Jan. 6, 1993.
Decided: April 30, 1993.

Upon Motion of Defendant AAA-1 Pool Builders and Service Company for Summary Judgment-Granted.

Richard A. Zappa, and David W. O'Connor, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.
James R. Leonard, of Potter, Crosse & Leonard, Wilmington, for defendant AAA-1 Pool Builders and Service Co.

OPINION

HERLIHY, Judge.

*1 The matter before this Court is a motion for summary judgment by defendant AAA-1 Pool Builders and Service Company [AAA-1] against plaintiffs Kenneth Macey [Macey] and his wife Margaret Macey [Mrs. Macey]. Macey filed this negligence claim against AAA-1 alleging it failed to provide reasonable notification and warnings regarding the potential hazards of shallow diving.[FN1] He also contends his injuries were a foreseeable consequence of AAA-1 failure to warn of those hazards.

FN1. Mrs. Macey's claim is derivative of her husband's, therefore, only his claim will be discussed.

FACTS

In the summer of 1984, William Lehane [Lehane] purchased an above-ground pool manufactured by Poseidon Pools of America, Inc. [Poseidon]. The pool was purchased through AAA-1 which installed the pool at the Lehane home on July 10 of that year. The installation was done in compliance with Poseidon's instructions.

Macey began working for M & K Bus Service, Inc., Lehane's company, as a mechanic in 1982. Lehane occasionally asked his employees over to use the pool after work. There is a factual dispute whether Macey had been in the pool on two to three occasions or as many as twenty times prior to the date at issue. Both parties agree that Macey attended the Lehanes' July 4, 1986 pool party.

The Lehanes gave a pool party at their home on July 4, 1987. Lehane invited the Maceys to the party. Macey reached the Lehanes' home around noon. Mrs. Macey did not arrive until 3:30 or 4:00 p.m., after she had left her work for the day.

While Macey was at the party, he consumed four to five shots of Hiram Walker Peach Brandy. He also spent approximately one hour total in the pool during the three hours he was at the party, which hour was not continuous. Macey got out of the pool several times for various reasons, such as to get something to eat or drink. While in the pool, Macey stooped down so the water was up to his shoulders. The pool water was about 42 inches deep while Macey is six feet tall. According to Macey's deposition, when he stood up in the water, the surface of the water came between his navel and nipple line. While at the party, Macey saw other individuals, adults and children, dive into the pool without injuring themselves.

Macey, 34, knew how to swim and dive, though he was not an expert or proficient swimmer or diver; he had started swimming at around five years old and has his own three-foot deep backyard pool. He was a volunteer fireman and as part of his training, he took a 14-hour water rescue course. The course outline included a section on swimming pools which mentioned diving accidents and broken neck injuries. However, Macey stated in his deposition that the only type of water rescue that he covered in the course was where a boat was stranded.

At one side of the pool was a ladder in the pool with three or four steps. Each step was embossed with the phrase "DO NOT DIVE". The letters were all the same size, at least an inch in height and raised from the surface of the steps about one quarter of an inch. There was another ladder which allowed access to the pool deck from the ground. No

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00163-GMS    Document 39-2    Filed 06/05/2006    Page 3 of 6

Not Reported in A.2d                                                                                                    Page 2
Not Reported in A.2d, 1993 WL 189481 (Del.Super.)
(Cite as: Not Reported in A.2d)

warnings were posted on this ladder.

*2 After Mrs. Macey arrived at the party, Macey climbed out of the pool and spoke with her. She then went to the pool and dove in. Macey followed her, also diving into the pool and hitting his head on the bottom. As a result, he is now a C4-5 quadriplegic. He is greatly limited in the acts he can perform. He can use pencils to type on a keyboard. He has little strength in his upper extremities and no fine motor skills. He stated:
I believed it was safe to dive into the water because I've seen children and adults dive into my neighborhood pool when I was a child growing up. During swim meets, I saw children of all ages, including 17-18 year olds, dive into the 3 1/2 foot areas of the pool and no one was ever hurt doing it. Also, I had seen other people dive into the Lehanes' pool prior to my accident including the Lehanes' children and also adults.

Plaintiff's Answer, Exhibit B at 3.

In a bench ruling granting the Lehanes' motion for summary judgment, this Court adopted part of the decision in *Moyer v. Grier,* Del.Super., C.A. No. 89C-MR-90, Taylor, J. (December 27, 1989), which reads:
In view of the decedent's age, his general swimming experience, his specific knowledge of the defendants' pool and the obviousness of the condition of the pool, this Court holds as a matter of law that any danger presented by the pool was so obvious that even if the defendants had a duty to warn, their failure to do so does not rise to the level of intentional or wilful and wanton that is required by [25 *Del.C.*] § 1501.

*Id.* at 9.

Subsequent to the grant of summary judgment to the Lehanes, Macey filed a lengthy affidavit from an expert discussing the claimed hidden dangers of diving into a shallow pool. In another bench ruling, the affidavit was stricken as contrary to the law of the case. *Macey v. Poseidon Pools of America, Inc., et al.,* Del.Super., C.A. No. 88C-JN-10, Poppiti, J. (January 7, 1992).

At the office conference in regard to the motion to strike, this Court clarified its statement concerning its adoption of the *Moyer* decision:
My conclusion was, ... given the plaintiff's familiarity with the pool on prior occasions, ... and on this occasion, and by familiarity, not only was he aware of the pool because he was social friends of these people, but ... on the day ... of this incident he was in the pool, he knew how deep the water was because he stood in the pool. He, therefore, knew how far up his torso the water came and regardless of the warnings, regardless of how the homeowner's warnings, regardless of how the manufacturer put the warning package together, regardless of whether warnings were placed, this mature adult, familiar with the pool, standing in the pool, knew you don't dive into a pool when the water only comes up so far on his torso.

Transcript at 6-7.

## STANDARD OF REVIEW

Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Moore v. Sizemore,* Del.Supr., 405 A.2d 679 (1979). The Court must consider the facts in a light most favorable to the non-moving party. *Schagrin v. Wilmington Medical Center,* Del.Super., 304 A.2d 61 (1973). Where there is a material fact in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law, summary judgment is not appropriate. *Tew v. Sun Oil Co.,* Del.Super., 407 A.2d 240 (1979).

## DISCUSSION

*3 This case appears to be the first in Delaware involving a suit against a swimming pool manufacturer. In that context, it raises several issues of first impression. In resolving AAA-1's motion, it is important to note which issues are involved and which are not. The current motion involves products liability and does not involve landowner liability. There is no allegation of a defective product.

Initially, Macey urges this Court to find that AAA-1 had a duty to warn even though there was an open obvious danger following the reasoning of *Koutoufaris v. Dick,* Del.Supr., 604 A.2d 390 (1992). That case involved the liability of landowners for the rape and abduction of their employee. *Id.* at 394. It did not involve any kind of product. Its principles of comparative negligence might be applicable to this case, if it reached later stages. *Id.* at 397-98.
[T]he narrow issue presented here is whether there is a duty to warn of the dangerous characteristics of a simple product that are readily apparent or easily discoverable upon casual inspection by the average

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 3
Not Reported in A.2d, 1993 WL 189481 (Del.Super.)
(Cite as: Not Reported in A.2d)

user of ordinary intelligence.

Glittenberg v. Doughboy Recreational Ind., Mich.Supr., 491 N.W.2d 208, 214-15 (1992).

The existence of duty in a negligence action is generally considered to be an issue of law for a court to determine. O'Connor v. Diamond State Telephone, Del.Super., 503 A.2d 661, 663 (1985). Duty is measured in terms of reasonableness. Delmarva Power and Light Co. v. Burrows, Del.Supr., 435 A.2d 716, 718 (1981).
A manufacturer has no duty to warn if it reasonably perceives that the potentially dangerous condition of the product is readily apparent or may be disclosed by a mere causal inspection, and it cannot be said that only persons of special experience will realize that the product's condition or characteristic carries with it a potential danger.

Glittenberg, 491 N.W.2d at 213.

The duty to warn under Delaware law extends only to those who can reasonably be assumed are ignorant of the danger. Farm Family Mutual Ins. Co. v. Perdue, Inc., Del.Supr., C.A. No. 416, 1990, Walsh, J. (January 2, 1992) (ORDER). The determination of whether a product's potential danger is of an obvious character in an objective test. Ragsdale v. K-Mart Corp., Ind.App. 1 Dist., 468 N.E.2d 524, 527 (1984).

Under this objective test, focus is on the typical user's or consumer's knowledge and whether the risk is fully apparent, widely known or commonly recognized by such persons. Camacho v. Honda Motor Co., Ltd., Colo.App., 701 P.2d 628, 632 (1985).

Open and obvious dangers have been defined as conditions that create a risk of harm that is visible, .... is a well known danger, or what is discernible by causal inspection. Thus, one cannot be heard to say that he did not know of a dangerous condition that was so obvious that it was apparent to those of ordinary intelligence. [footnotes omitted]

AmLawProdLiab 3d § 33:26 at 56; see Trabaudo v. Kenton Ruritan Club, Inc., Del.Super., 517 A.2d 706, 708 (1986) (not required to warn consumers of need to properly cook pork because such need is commonly known); see cases cited in Glittenberg, 491 N.W.2d at n. 15.

*4 Since the test of open and obvious is objective, a plaintiff's subjective knowledge is irrelevant.

AmLawProdLiab 3d § 33:23 at 48-50.

The Michigan Supreme Court in Glittenberg determined that an above-ground swimming pool is a "simple tool". Id. at 217. Its danger, i.e., its shallowness, is easily observable and ascertainable. A prospective swimmer in most instances with such pools gains awareness by merely walking up to it and seeing the pool's height compared to him or her. The depth of the water is also easily ascertainable. The danger of striking one's head is well-known, as diving in shallow water is the subject of frequent, long-standing warnings to swimmers. Thus,
[t]he manufacturer of a simple product has no duty to warn of the product's potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence.

Glittenberg, 491 N.W.2d at 210; Dalton v. Pioneer Sand and Gravel Co., Wa.Supr., 227 P.2d 173, 174-75 (1951).Where the risks of the product are discernable by casual inspection, such as the dangers that a knife can cut, or a stove can burn, the consumer is in just as good a position as the manufacturer to gauge the dangers associated with the product, and nothing is gained by shifting to the manufacturer the duty to warn.

Laaperi v. Sears, Roebuck & Co., Inc., 787 F.2d 726, 730-31 (1st Cir.1986).

This Court adopts the reasoning of the Glittenberg and Laaperi courts. Consequently, AAA-1 had no duty to warn.

In the case of Moyer v. Grier, Del.Super., C.A. No. 89C-MR-90, Taylor, J. (December 27, 1989), the decedent was fatally injured in a dive into a party hosts' pool. He suffered cervical fractures and spinal cord injuries. The decedent was 25 and described as an average and competent swimmer. One allegation of negligence was a failure to warn regarding the "dangers" of the pool. The Court rejected that requirement using the language cited above, supra at 3.

Based on this holding, the Moyer court granted the landowners' motion for summary judgment. This ruling is important for this case in several respects. First, it is clear recognition that whatever dangers pools carry, they are obvious. Second, Moyer is a landowner case as was Koutoufaris and not a "pure" products case such as the instant matter. Third, the

Case 1:05-cv-00163-GMS   Document 39-2   Filed 06/05/2006   Page 5 of 6

Not Reported in A.2d  
Not Reported in A.2d, 1993 WL 189481 (Del.Super.)  
(Cite as: Not Reported in A.2d)

Page 4

*Moyer* court focused on the diver's state of knowledge, a subjective analysis, unlike the objective analysis just conducted, *supra* at 5-6.

The final reason that *Moyer's* ruling is important to this motion is that this Court adopted the above-cited language and analysis in granting the Lehanes' (landowners) summary judgment motion and reiterated it when striking Macey's proposed expert affidavit. *Macey, supra.* In so ruling, this Court noted Macey's age, his presence in the pool for around an hour prior to the injury, his familiarity with the pool's depth and with the pool itself from prior visits to the Lehanes' property.

*5 This ruling became the law of this case. *Frank, G.W. v. Carol M.W.,* Del.Supr., 457 A.2d 715, 718-19 (1983). This principle is particularly important where a subsequent judge enters the case. *Id.* There is no reason why the earlier ruling and law of the case doctrine should not continue to apply in this case. Therefore, as to an analysis of Macey's subjective knowledge, this Court has already determined that his age, swimming experience and familiarity with the pool put him in position to perceive the danger of diving into the pool.

Even assuming it were free to do so, this Court sees no reason to disagree with the finding. Taking all facts or inferences in Macey's favor as the Court must at this time, the factors cited and found previously in this case remain equally valid for the instant motion. The importance of this ruling and the status of Macey's knowledge is manifest in determining whether the failure to warn was a proximate cause of his injuries.

PROXIMATE CAUSE

Where courts have examined pool diving injuries from the perspective of proximate cause, the vast majority have ruled that the plaintiff's injuries were not proximately caused by the absence of a warning against diving. See *Kelsey v. Muskin, Inc.,* 848 F.2d 39 (2d Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 971 (1989) (failure to warn was not proximate cause of accident); *Caraballo v. United States,* 830 F.2d 19 (2d Cir.1987) (failure to warn was not proximate cause of accident); *Colosimo v. May Dept. Store Co.,* 466 F.2d 1234 (3d Cir.1972) (error in judgment was proximate cause of plaintiff's injuries); *Winant v. Carefree Pools, E.D.N.Y., 709 F.Supp. 57 (1989), aff'd. 891 F.2d 278 (2d Cir.1989)* (no duty to warn of obvious risk); *Glittenberg v. Doughboy Recreational Industries, Inc.,* Mich.Supr., 491 N.W.2d 208 (1992) (no duty to warn of open and obvious dangers in simple product); *Spaulding v. Lesco International Corp.,* Mich.App., 451 N.W.2d 603 (1990), *aff'd. sub nom Glittenberg,* 491 N.W.2d 208 (1992) (no duty to warn of obvious and patent dangers of making deep dive into shallow pool); *Amatulli v. Delhi Construction Corp.,* A.D.2d Dept., 548 N.Y.S.2d 774 (1989) (no duty to warn of obvious dangers of diving into pool since a cursory visual inspection revealed depth of water); *Belling v. Haugh's Pools, Ltd.,* A.D. 4 Dept., 511 N.Y.S.2d 732 (1987) (risk was open and obvious and failure to warn was not proximate cause of plaintiff's injuries); *Vallillo v. Muskin Corp.,* N.J.Super., A.D., 514 A.2d 528 (1986) (failure to warn was not the proximate cause of injures); *Neff v. Coleco Industries, Inc.,* D.Kan., 760 F.Supp. 864 (1991) (failure to warn was not proximate cause of swimmer's injuries); *Caruso v. Aetna Insurance Company,* La.Ct.App., 186 So.2d 851 (1966) (proximate cause of injuries was plaintiff's contributory negligence); *McCormick v. Custom Pools, Inc.,* Minn.App., 376 N.W.2d 471 (1985) (swimmer's awareness of risk of shallow water dive and of pool's defects precluded claims against manufacturer and seller); *Smith v. Stark,* Ct.App., 499 N.Y.S.2d 922 (1986) (manufacturer's failure to place dept markers at appropriate locations was not proximate cause of injuries); *but cf. Corbin v. Coleco Industries, Inc.,* 748 F.2d 411 (7th Cir.1984) (summary judgment in favor of defendant reversed on grounds that risk of spinal injury from diving into shallow water was not open and obvious because plaintiff was inexperienced swimmer and because many people believe that there is a safe way to execute such dives); *Kriz v. Schum,* N.Y.Ct.App., 549 N.E.2d 1155 (1989) (summary judgment denied as swimmer's conduct was not unforeseeable use of pool such as to constitute sole legal cause of injuries); *Collier v. Northland Swim Club,* Ohio App., 518 N.E.2d 1226 (1987) (material issue of fact existed as to whether child assumed risk of injury as a result of diving from side of pool); *Griebler v. Doughboy Recreational, Inc.,* Wis.App., 449 N.W.2d 61 (1989) (question of fact as to whether danger was open and obvious precluded entry of summary judgment).

*6 Delaware law provides that there can be more than one proximate cause for an injury. *Culver v. Bennett,* Del.Supr., 588 A.2d 1094, 1097 (1991). Ordinarily, proximate cause is a factual matter which must go to the jury. *Boyd v. Hammond,* Del.Supr., 187 A.2d 413, 416 (1963). However, where only one conclusion can be drawn from the established facts,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 5
Not Reported in A.2d, 1993 WL 189481 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

the question of cause may be decided as a matter of law. *Winant,* 709 F.Supp. at 62.

Based on the law of this case and the overwhelming majority of holdings in similar swimming pool cases, this Court finds as a matter of law that the absence of a warning by AAA-1 was not a proximate cause of Macey's injuries.

## CONCLUSION

This Court has determined that AAA-1 had no duty to warn under the objective test herein. Further, as a matter of law under the facts of this case, this Court finds that the absence of a warning from AAA-1 was not a cause of Macey's injuries. It is regrettable that Macey was so significantly and tragically injured. The law does not provide a remedy for every injury, particularly in the absence of fault.

Accordingly, the motion for summary judgment of AAA-1 Pool Builders and Service Company is GRANTED.

Del.Super.,1993.
Macey v. AAA-1 Pool Builders and Service Co.
Not Reported in A.2d, 1993 WL 189481 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.